**The Bronx Defenders**

**Redefining public defense.**

November 24, 2021

*VIA ECF*

Hon. Paul A. Engelmayer
United States District Judge
40 Foley Square, Room 2201
New York, NY 10007

      Re:    *Kudaybergenov v. Genalo*, 21-cv-9639-PAE

Dear Judge Engelmayer,

I represent Petitioner Mr. Allambergen Kudaybergenov in his petition for a writ of habeas corpus filed on November 20, 2021, and currently pending before this Court. We respectfully move the Court to grant leave to file two additional exhibits in support of the petition under seal, a psychological evaluation of Mr. Kudaybergenov, and the Immigration Judge's decision on his application for asylum and related relief. Counsel for Respondents, Michael Byars of the United States Attorney's Office, takes no position on the motion.

There is good cause to grant leave to file these exhibits under seal. First, with regard to the psychological evaluation, it contains ten pages of highly sensitive personal and medical information in narrative form about Mr. Kudaybergenov from Dr. Ali Khadivi, a clinical and forensic psychologist, as well as his mental health diagnoses and treatment recommendations. This Court recognizes "medical records" as well as "treatment and diagnosis" as categories of information that should be considered for redaction. ECF Rules & Instructions 21.4 (Feb. 1, 2021 Edition). Your Honor's Rules also reflect that these categories of sensitive information are appropriate for sealing, but this motion for court approval for sealing is submitted given the narrative form of the report.[1] While the habeas petition itself discloses the nature of the medical diagnoses and a general summary of symptoms and manifestations of these diagnoses, this evaluation covers in detail the personal and medical information relevant to his psychological assessment and ultimate diagnoses, such that the exhibit should be filed under seal and shielded from public view.

Second, with regard to the Immigration Judge's 20-page merits decision, it contains a detailed description of Mr. Kudaybergenov's political beliefs and activities, and a lengthy analysis of his asylum claim. As is evident from the decision itself, disclosure of this information publicly could subject him to further persecution in the future should he be removed. Immigration regulations also support the view that information related to asylum claims should be protected from public disclosure. *See* 8 CFR § 208.6; *see also Kharis v. Sessions*, No. 18-CV-04800-JST, 2018 WL 5809432, at *2-3 (N.D. Cal. Nov. 6, 2018).

---

[1] Individual Rules and Practices in Civil Cases (April 2021) Rule 4.B.1 (referring to "medical records including information regarding treatment and diagnosis").

Thank you for your consideration of this submission.

>Respectfully submitted,
>
>*/s/ Zoe Levine*
>Zoe Levine
>THE BRONX DEFENDERS
>360 East 161st Street
>Bronx, New York, 10451

Granted.  SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge
November 30, 2021